UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIMBERLY TAYLOR BLAIR and KELLY BLAIR,<br><br>　　　　　　　　　　　Plaintiffs<br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Defendant. | NO.  3:20-cv-5172-MAT<br><br>PRAECIPE TO ATTACH DOCUMENT |

TO:　　Clerk of the above-entitled Court; and

TO:　　All Parties and All Counsel of Record

　　　　Pursuant to FRCP 11 and LCR 83.2, Plaintiffs, Kimberly Taylor Blair and Kelly Blair, respectfully request the Court to attach the corrected Complaint signature page as requested by the court on February 26, 2020. The attachment is intended to correct the signature block on the Complaint originally filed on February 25, 2020. (Dkt. 1). This error has been fixed in the attached Complaint.

　　　　//

　　　　//

PRAECIPE REGARDING DKT. 1  – 1 OF 3
(3:17-cv-05016-BHS)
4847-7087-4786

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565

Dated this 26th day of February, 2020.

          GORDON THOMAS HONEYWELL LLP

By_____
    Salvador A. Mungia, WSBA No. 14807
    1201 Pacific Ave, Suite 2100
    Tacoma, WA 98402
    253-620-6500
    smungia@gth-law.com

    and

WHITEHURST, HARKNESS, BREES, CHENG, ALSAFFAR, HIGGINBOTHAM & JACOB, PLLC

By */s/ Laurie M. Higginbotham* _____
    Laurie M. Higginbotham
    Tom Jacob
    Steven Haspel
    National Trial Law
    7500 Rialto Blvd, Bldg 2, Suite 250
    Austin, TX 78735
    512-476-346
    Attorneys for Plaintiffs
    Application for Admission
    Pro Hac Vice Pending

PRAECIPE REGARDING DKT. 1 – 2 OF 3
(3:17-cv-05016-BHS)
4847-7087-4786

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2020, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of the filing to all counsel of record.

By: */s/ Sarah Campbell*
Sarah Campbell
Legal Assistant

PRAECIPE REGARDING DKT. 1 – 3 OF 3
(3:17-cv-05016-BHS)
4847-7087-4786

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

# ATTACHMENT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIMBERLY TAYLOR BLAIR and KELLY BLAIR,<br><br>Plaintiffs<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | NO. 3:20-cv-5172-MAT<br><br>ORIGINAL COMPLAINT |

Plaintiffs KIMBERLY TAYLOR BLAIR and KELLY BLAIR, by and through their counsel of record, allege as follows:

### I. PARTIES, JURISDICTION, SERVICE OF PROCESS, AND VENUE

1.1   This is a medical malpractice case.

1.2   Plaintiffs Kimberly Taylor Blair (hereinafter "Taylor Blair") and Kelly Blair reside in Olympia, Washington within the jurisdiction of this Court.

1.3   The Defendant is the United States of America.

1.4   This Federal District Court has jurisdiction of this cause, because this action is brought pursuant to and in compliance with 28 U.S.C §§1346(b), 2671-2680 et seq., commonly known as the "Federal Tort Claims Act," which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

COMPLAINT - 1 of 11
[4837-1084-1781]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

1.5     The United States of America may be served with process in accordance with Rule 4(I) of the Federal Rules of Civil Procedure by serving a copy of the Summons and of the Complaint on Brian T. Moran, United States Attorney for the Western District of Washington, by certified mail, return receipt requested at his office, United States Attorney, Western District of Washington, U.S. Attorney's Office, 700 Stewart St., Suite 5220, Seattle, WA 98101-1271, to the attention of the Civil Process Clerk, and by serving a copy of the Summons and Plaintiffs' Original Complaint on William Barr, Attorney General of the United States, by certified mail, return receipt requested, at the Attorney General's Office, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC  20530-0001 to the attention of the Civil Process Clerk.

1.6     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e), as the United States is a Defendant and the damages giving rise to the claim occurred in this district.

## II.     LIABILITY OF THE UNITED STATES OF AMERICA

2.1     This case is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 U.S.C. §§ 2671–80, commonly referred to as the "Federal Tort Claims Act." Liability of the United States is predicated specifically on Title 28 U.S.C. §§ 1346(b)(1) and 2674 because the personal injuries, wrongful death, and resulting damages of which complaint is made, were proximately caused by the negligence, wrongful acts and/or omissions of employees of the United States of America at the Madigan Army Medical Center in Tacoma, Washington, while acting within the scope of their office or employment, under circumstances where the United States of America, if a private person, would be liable to the Plaintiffs in the same manner and to the same extent as a private individual under the laws of the State of Washington.

COMPLAINT  - 2 of 11
[4837-1084-1781]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

### III. JURISDICTIONAL PREREQUISITES

3.1    Plaintiffs plead pursuant to Title 28 U.S.C. §§ 2672 and 2675(a), that the claims set forth herein were filed with and presented administratively to the Defendant's agency, the United States Army, on August 7, 2017 for the claims of Taylor Blair and Kelly Blair. The claims were denied on August 30, 2019. Accordingly, Plaintiffs have complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

### IV. THE ARMY IS AN AGENCY OF THE UNITED STATES

4.1    The United States Army is an agency of the United States of America. The United States of America, Defendant herein, through its agency, the United States Army, at all times material hereto, owned, operated and controlled the health care facilities known as Madigan Army Medical Center in Tacoma, Washington, and through its agency, the United States Army, staffed said health care facilities with its agents, servants, and/or employees.

### V. EMPLOYMENT AND COURSE AND SCOPE

5.1    At all times material hereto, all persons involved in the medical and health care services provided to Plaintiffs at the Madigan Army Medical Center in Tacoma, Washington were agents, servants, and/or employees of the Department of the Army, the United States of America, or some other agency thereof, and were at all times material hereto, acting within the course and scope of such employment.

### VI. FACTS

6.1    This is a Federal Tort Claims Action for monetary damages sustained by Plaintiffs resulting from serious, permanent birth injuries to Taylor Blair as a result of substandard, and therefore negligent, medical and hospital care.

COMPLAINT  - 3 of 11
[4837-1084-1781]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

6.2     This claim concerns the substandard medical and hospital care provided by agents, servants, and employees of the United States government at the Madigan Army Medical Center in Tacoma, Washington to Taylor Blair.

6.3     On July 2, 2015, Mrs. Blair underwent an MRI of her Lumbar Spine. Under "Reason for Order," it was noted that she had a prior discectomy in 2002 and 2009 with some bladder/bowel incontinence and back recurrence, weakness with known foot drop. The MRI was ordered to rule out impingement. The impression was that of mild to moderate spondylosis and facet arthrosis. She was scheduled for surgery on August 15, 2019.

6.4     On August 19, 2015, the Admission History and Physical written by Dr. Douglas E. Smith included the above surgical history and Mrs. Blair's report of continuous low back pain since February or March with shooting pains radiating down her right leg; paresthesia in her right foot; increased numbness in her right leg and foot, more persistent pain in the posterior right calf and loss of balance over the last 6 weeks.  She also reported fecal incontinence and urinary urgency. Mrs. Blair consented to a surgical plan for right foraminotomies at L4-5 and L5-S1 with possible fusion.

6.5     The consent form does not mention a foraminotomy on the left side.

6.6     The consent form does not mention any increased risk of dural tearing with repeat lumbar surgery.

6.7     Dr. Smith performed the right L4-5 diskectomy, a right L4-5 foraminotomy, a right L5-S1 foraminotomy, <u>and</u> a left L4-5 foraminotomy on August 19, 2015.

6.8     In his operative note, Dr. Smith wrote that because Mrs. Blair had "begun to have symptoms on her left side," he "checked for foraminal narrowing with a right angle clip on the left side."

COMPLAINT  - 4 of 11
[4837-1084-1781]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

6.9    In her previous visit of July 10, 2015, Mrs. Blair never complained of symptoms on the left side, only of symptoms involving the right side, which is what Dr. Smith recorded at that time.

6.10   There was no indication for Dr. Smith to perform a foraminotomy on the left side according to his own recorded patient history.

6.11   Dr. Smith never discussed surgical exploration of the left side with Mrs. Blair, nor did she consent to a left side foraminotomy.

6.12   Had Dr. Smith discussed a left side foraminotomy with Mrs. Blair, it is likely he would have realized there was no reason for a foraminotomy on the left and the dural tear would have been avoided.

6.13   Dr. Smith performed a left side foraminotomy without consent from Mrs. Blair.

6.14   When Dr. Smith performed the left side foraminotomy without consent from Mrs. Blair, he caused a dural tear in the nerve root sheath, which resulted in the loss of cerebral spinal fluid ("CSF").

6.15   Dr. Smith did not perform any intraoperative primary repair of the CSF leak.

6.16   Dr. Smith did not perform a Valsalva maneuver on August 19, 2015.

6.17   Dr. Smith did not place a lumbar drain on August 19, 2015.

6.18   During surgery, Dr. Smith noted bleeding began occurring from deep in the incisional site while he was in the process of closing. He reopened the surgical incision but failed to locate the bleeding site.

6.19   During Mrs. Blair's postoperative course from the 19th until the 26th, she complained of spasms in her left leg, inability to void, severe headaches, inability to tolerate an increase in the elevation of the head of her bed, and drainage from her surgical incision.

COMPLAINT - 5 of 11
[4837-1084-1781]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

6.20   A MRI of her lumbar spine was not ordered until August 25, 2015, when an epidural fluid collection associated with the bovine patch was confirmed, resulting in mild to moderate canal stenosis at L4-5 and L5-S1, as well as moderate to severe neuroforaminal narrowing on the right at L5-S1, and small paraspinal and subcutaneous fluid collection, which may represent postoperative seroma or CSF leak.

6.21   Dr. Smith performed surgery again on August 26, 2015 and found a dural tear along the lateral epidural gutter on the left at L4-5.  He noted that he had previously thought this was a nerve root sheath tear but found that the primary tear was along the lateral aspect of the thecal sac.  Additionally, there was a very thin area of dorsal dura which was also torn and repaired.

6.22    Dr. Smith did not perform a Valsalva maneuver on August 26, 2015.

6.23    Dr. Smith did not place a lumbar drain on August 26, 2015.

6.24    Postoperatively, Mrs. Blair reported saturation of her incisional dressing on August 29 and 30, intense headaches, decreased sensation in left foot and toes, right foot, right lateral calf, and posterior left thigh.

6.25   On August 31, 2015, Mrs. Blair returned again to the operating room.

6.26    Dr. Smith asked the anesthesiologist to have the patient Valsalva and found drainage of CSF in two places, the most obvious of which was along the dorsal dura immediately above the previous suture.  The second leaking area was in the far left lateral recess just caudal to the additional sutures that had previously been placed.

6.27    Durepair was placed as the leak was too far anterior to suture.  A lumbar CSF drain was placed and the incision closed.

6.28    Postoperatively, Mrs. Blair was admitted to the ICU where she remained in supine position for 5 days and slowly transitioned to sitting and standing. Her CSF drain

COMPLAINT  - 6 of 11
[4837-1084-1781]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

was clamped and she was transferred back to the floor when it was pulled. She progressed to walking with assistance and cleared for physical therapy for discharge with recommended home assistance and therapy.

6.29   The Initial Physical Therapy Evaluation performed on September 8, 2015 noted that Mrs. Blair had impaired transfer ability, gait/stair ability and balance. She requested to go home and recommendation was then for home health PT and 24/7 care.

6.30   Mrs. Blair attended the lumbar stabilization introductory rehab session on January 12, 2016 and continued the 4-week program thereafter.

6.31   On January 19, 2016, lumbar spine radiographs, flexion and extension views were obtained which revealed multilevel loss of disc height and facet arthrosis. On January 26, 2016, an MRI of the Lumbar Spine was performed to look for nerve root enhancement and arachnoiditis. Findings included a trace amount of fluid adjacent to the L4-5 and L5-S1 lamina with clumping of the nerve roots with the suggestion of possible intradural synechiae versus an arachnoid cyst.

6.32   Consultation was requested to the Anesthesia Clinic in February of 2016 and Mrs. Blair was seen on March 22, 2016 by Dr. Stephen Laurence Bolt. Dr. Bolt noted that she continued to have both right and left lower extremity radicular symptoms along with her previous axial pain several months after surgery.

6.33   MRI revealed arachnoiditis at the surgical sites with some nerve root scarring. She was evaluated by the spine surgeons at the University of Washington, who felt she was not a surgical candidate but would be best served by pain management.

6.34   She reported urinary hesitancy and frequent bowel incontinence; inability to stand for prolonged periods and pain preventing her from performing her job as an

COMPLAINT - 7 of 11
[4837-1084-1781]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

intensive care unit clinical nurse.  She underwent a trial spinal cord stimulator on March 23, 2016 and on April 12, 2016, had implantation of a permanent spinal cord stimulator.

6.35   Government health care providers negligently performed Mrs. Blair's surgery on August 19, 2015 and August 26, 2015 resulting in permanent damage.  She suffers from motor and sensory deficits in the bilateral lower extremities; gait issues with loss of balance; periodic fecal urgency and bowel dysfunction; insomnia; loss of consortium with her husband and loss of enjoyment of life.  Because of government negligence, she will experience pain and suffering and require assistance performing household duties and in activities of daily living for the rest of her life.   Had government providers acted in accordance with the standard of care, more likely than not, none of the above injuries and damages would have occurred to Mrs. Blair.

### VII.   CAUSE OF ACTION AGAINST THE UNITED STATES OF AMERICA

7.1   Defendant, the United States of America, was negligent in their care and treatment of Taylor Blair in the following ways, including but not limited to:

(a)   Defendant negligently and unnecessarily performed surgery on August 19, 2015 without a clear indication and without exhaustion of more conservative routes;

(b)   Defendant failed to verify the appropriate side for the operation on August 19, 2015 according to the symptoms reported by the patient;

(c)   Defendant failed to properly and timely discuss the increased risk of dural tears with revision surgeries with Mrs. Blair prior to surgery on August 19, 2015;

(d)   Defendant failed to properly and timely obtain patient consent for a left side foraminotomy on August 19, 2015;

COMPLAINT  - 8 of 11
[4837-1084-1781]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

(e) Defendant negligently performed the lumbar surgery in such a way as to cause dural injury around the nerve sheath on the left side on August 19, 2015;

(f) Defendant failed to properly intraoperatively manage the cerebral spinal fluid leak on August 19, 2015 by failing to timely perform an intraoperative primary repair;

(g) Defendant failed to properly intraoperatively manage the cerebral spinal fluid leak on August 19, 2015 by failing to perform the Valsalva maneuver;

(h) Defendant failed to properly intraoperatively manage the cerebral spinal fluid leak on August 19, 2015 by failing to place a lumbar drain;

(i) Defendant failed to properly post-operatively manage the cerebral spinal fluid leak on August 19, 2015 by failing to place a lumbar drain;

(j) Defendant failed to properly intraoperatively manage the cerebral spinal fluid leak on August 26, 2015 by failing to perform the Valsalva maneuver;

(k) Defendant failed to properly manage the intraoperative cerebral spinal fluid leak by failing to place a lumbar drain on August 26, 2015;

(l) Defendant failed to intervene timely for the persistent CSF leak, thus leading to pseudomeningocele and arachnoiditis.

COMPLAINT - 9 of 11
[4837-1084-1781]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

7.2    At all times mentioned herein, the employees, agents, and/or representatives of the United States Government were negligent and proximately caused all of the injuries and damages sustained by Plaintiffs.

## VIII.    DAMAGES

8.1    As a direct and proximate result of Defendant's negligent acts and/or omissions, Plaintiff Taylor Blair, has suffered, and continues to suffer, severe injuries, including but not limited to, past and future physical pain and suffering; past and future mental pain and anguish; past and future permanent physical impairment; past and future physical disfigurement; past and future medical, health care, and attendant care expenses; out-of-pocket expenses; past and future loss of enjoyment of life; loss of consortium with her husband and children; and loss of earning capacity.  Such injuries are, in reasonable probability, permanent in nature. Plaintiff Taylor Blair brings this suit to recover all damages cognizable under the law resulting from the injuries to her as a result of the occurrence in question.

8.2    As a direct and proximate result of Defendants' negligence, Plaintiff Kelly Blair, as the husband of Taylor Blair, has been damaged due to his mental anguish suffered in the past, and likely to be suffered in the future, loss of consortium suffered in the past and in the future as a result of his wife's injuries; loss of household services and other pecuniary injuries. Kelly Blair brings this suit to recover all damages cognizable under the law resulting from the injuries to Taylor Blair and to himself as a result of the occurrence in question.

## IX.    PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs request that the Defendant be cited in terms of law to appear and answer herein: that upon final trial and hearing hereof,

COMPLAINT - 10 of 11
[4837-1084-1781]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

the Plaintiffs have judgment against the Defendant, for the amount of actual damages; and for such other and different amounts as they shall show by proper amendment before trial; for post judgment interest at the applicable legal rate; for all Court costs incurred in this litigation; and for such other and further relief, at law and in equity, both general and special, to which the Plaintiffs may show themselves entitled and to which the Court believes them deserving.

Dated this 21st day of February, 2020.

GORDON THOMAS HONEYWELL LLP

By_____
Salvador A. Mungia, WSBA No. 14807
1201 Pacific Ave, Suite 2100
Tacoma, WA 98402
253-620-6500
smungia@gth-law.com

and

WHITEHURST, HARKNESS, BREES, CHENG,
ALSAFFAR, HIGGINBOTHAM & JACOB, PLLC

By /s/ Laurie M. Higginbotham_____
Laurie M. Higginbotham
Tom Jacob
Steven Haspel
National Trial Law
7500 Rialto Blvd, Bldg 2, Suite 250
Austin, TX 78735
512-476-346
Attorneys for Plaintiffs
Application for Admission
Pro Hac Vice Pending

COMPLAINT  - 11 of 11
[4837-1084-1781]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565